SVK

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reynard Allen Reynolds, ) | No. CV 06-1196-PHX-DGC (HCE) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Dora Schiro, et al. ) | |
| Respondents. ) | |

Petitioner, who is confined in the Arizona State Prison, Tucson, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus on May 1, 2006 pursuant to 28 U.S.C. § 2254. On May 16, 2006, the Court issued an order that instructed Petitioner to pay the five dollar ($5.00) filing fee or to file an Application to Proceed *In Forma Pauperis*. Petitioner paid the five dollar ($5.00) filing fee on May 30, 2006. The Court will order an answer.

**Procedural Background**

In his Petition, Petitioner challenges his August 26, 2003 convictions for Second Degree Burglary, case numbers CR-2002-095750 and CR-2002-094535, entered in Maricopa County Superior Court.

In his habeas petition, Petitioner raises two grounds for relief:

(1) Petitioner was denied his Sixth and Fourteenth Amendment rights because the trial court used facts not included in the indictment and not admitted to by the Petitioner to

**TERMPSREF**

increase Petitioner's sentence beyond the statutory maximum, the judge used unconstitutional statutes to sentence Petitioner, and Petitioner was denied effective assistance of counsel; and

(2) Petitioner was denied his rights under the Sixth Amendment and Supreme Court decisions because his attorney never objected to sentencing statutes and procedures that were illegal, resulting in a sentence that exceeds the legal limit, and his attorney never discussed appeal or post-conviction relief with Petitioner.

Petitioner asserts that he has exhausted these claims. It is unclear whether Petitioner has properly exhausted each of his claims, which requires presentation to the Arizona Court of Appeals. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) (when challenge is not to a life sentence or capital sentence, exhaustion requires only fair presentation to the Arizona Court of Appeals). It also appears that further review of Petitioner's claims is not available in the state courts. Consequently, any unexhausted claim may be procedurally barred. However, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

**IT IS THEREFORE ORDERED that:**

(1) A copy of the Petition and this Order be served by the Clerk of Court upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondent shall answer the Petition within forty (40) days of the date of service. Respondent shall not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the

TERMPSREF

- 2 -

1  defense.  See Day v. McDonough, 126 S. Ct. 1675, 1679-80 (2006). If not limited to
2  affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of
3  the Rules Governing Section 2254 Cases.

4  (3)  Petitioner may file a reply within thirty (30) days from the date of service of the
5  answer.

6  (4)  Petitioner shall serve upon Respondent, or if appearance has been entered by
7  counsel, upon the attorney, a copy of every further pleading or other document submitted for
8  consideration by the Court.  Petitioner shall include with the original document and copy, to
9  be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
10 the pleading or document was mailed to Respondent or counsel.  Any paper received by a
11 District Court Judge or Magistrate Judge that has not been filed with the Clerk of the Court
12 may be disregarded by the Court.

13 (5)  At all times during the pendency of this action, Petitioner shall immediately
14 advise the Court of any change of address and its effective date.  Such notice shall be
15 captioned "NOTICE OF CHANGE OF ADDRESS."   The notice shall contain only
16 information pertaining to the change of address and its effective date.  The notice shall not
17 include any motions for any other relief.  Pursuant to Federal Rule of Civil Procedure 41(b),
18 failure to file a Notice of Change of Address may result in the dismissal of the action for
19 failure to prosecute.

20 (6)  Aside from the two copies of the petition or amended petition that must be
21 submitted, a clear, legible copy of every pleading or other document filed shall accompany
22 each original pleading or other document filed with the Clerk for use by the District Judge
23 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
24 will result in the pleading or document being stricken without further notice to Petitioner.

**TERMPSREF** 28

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TERMPSREF**

(7) This matter is referred to Magistrate Hector C. Estrada pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report and recommendation.

DATED this 19th day of June, 2006.

_____
David G. Campbell
United States District Judge

- 4 -